**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

```
                                    FILED
                                  MAR - 3 2009
                              CLERK, U.S. DISTRICT COURT
                                   NORFOLK, VA
```

MICHAEL RAY BROWN, #369717,

    Petitioner,

v.                            CIVIL ACTION NO. 2:08cv544

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

    Respondent.

**UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Local Civil Rules of the United States District Court for the Eastern District of Virginia. For the reasons stated herein, the Court recommends that the instant petition for a writ of habeas corpus be DENIED.

**I. STATEMENT OF THE CASE**

**A. Background**

On or about September 13, 2003, Petitioner, Michael Ray Brown ("Brown"), was arrested and charged with statutory burglary and grand larceny. Brown remained in jail until trial. On May 28, 2004, Brown was convicted, in the Circuit Court for the City of Norfolk, Virginia ("Circuit Court"), of one (1) count of statutory burglary and one (1) count of grand larceny (Case No. CR03004470).

Brown was sentenced to serve five (5) years in prison for statutory burglary and five (5) years in prison for grand larceny. The trial judge suspended the five (5) year sentence for statutory burglary, suspended two (2) years and six (6) months of the grand larceny sentence, and granted Brown credit for time already served. Brown was additionally placed on probation for ten (10) years with indeterminate supervised probation.

On June 18, 2004, Brown noted his appeal to the Virginia Court of Appeals. On November 23, 2004, the Court of Appeals remanded the case to the Circuit Court. The Circuit Court held a hearing on June 17, 2005. That court vacated Brown's conviction for the charge of Grand Larceny and found Brown guilty instead of Petit Larceny. Brown was sentenced to twelve (12) months in jail for the Petit Larceny conviction. Because Brown had at that point already served the twelve (12) month sentence, he was subsequently released from jail on or about June 28, 2005.[1]

On or about November 6, 2006, Brown was arrested on a probation violation. On or about February 9, 2007, the Circuit Court found Brown to be in violation of his probation and re-imposed the five (5) year suspended sentence for statutory burglary, re-suspending two (2) years. The Circuit Court additionally gave Brown credit for time already served.

---

[1] The official court order was not issued until July 28, 2005.

On or about September 6, 2007, Brown filed a petition for writ of habeas corpus, pro se, in the Circuit Court. Case No. CR03004470-00-02/F03. Brown argued that the excess time he served for the petit larceny charge - that is, the time he served in excess of the twelve month sentence finally imposed - should be credited against the three year reimposed sentence for statutory burglary. On or about November 29, 2007, the Circuit Court dismissed Brown's petition. It appears that Brown attempted to appeal the dismissal, but Brown did not file a petition for appeal with the Supreme Court of Virginia. On May 6, 2008, the Clerk of the Supreme Court of Virginia wrote Brown a letter indicating this fact, advised that the time for perfecting his appeal had passed, and returned to Brown the Circuit Court record and transcripts.

On May 27, 2008, Brown filed a petition for writ of habeas corpus in the Supreme Court of Virginia, apparently invoking that court's original habeas corpus jurisdiction. This petition essentially argued the same matters as Brown's Circuit Court habeas case - namely, that Brown's time served was not accurately calculated. On September 26, 2008, the Supreme Court of Virginia dismissed the petition on the ground that, pursuant to Va. Code § 8.01-654(B)(2), Brown had knowledge of the factual basis of his allegations at the time of filing the previous petition for a writ of habeas corpus in the Circuit Court.

On November 14, 2008, while in the custody of the Virginia

3

Department of Corrections at the Coffeewood Correctional Center, Brown executed the instant federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On December 23, 2008, Respondent filed his Rule 5 Answer and Motion to Dismiss, accompanied by a supporting memorandum, and a Notice of Motion Pursuant to Local Rule 7(K). Brown filed his response to Respondent's Motion to Dismiss on January 16, 2009.

### B. Grounds Alleged

Brown alleges he is entitled to relief under 28 U.S.C. § 2254 because (1) his Fourteenth Amendment rights not to have multiple punishments for the same crime have been violated; (2) his Eighth and Fourteenth Amendment rights against cruel and unusual punishment have been violated because he is being falsely imprisoned; (3) his right to proper time served credits under Va. Code § 53.1-187 has been violated and thus his Fifth, Sixth, and Fourteenth Amendment rights have been violated; and (4) his Fourteenth Amendment and Virginia constitutional rights to due process and equal protection have been violated. All of Brown's claims center upon Brown's assertion that his credits for time served have not been properly calculated.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Exhaustion and Procedural Default

Respondent asserts that while Brown's petition is exhausted, it is nonetheless procedurally defaulted.

4

In order for the Court to address the merits of this habeas petition, all of Brown's claims must be exhausted. See 28 U.S.C. § 2254. The exhaustion requirement is satisfied when "allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), aff'd 996 F.2d 1560 (4th Cir. 1993). Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. See O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999) (citing Brown v. Allen, 344 U.S. 443, 447 (1953)); see also Skipper v. French, 130 F.3d 603, 610 n.4 (4th Cir. 1997). In order for a claim to be considered exhausted, it must be "fairly presented to the state courts," which means "that both the operative facts and the controlling legal principles must be presented to the state court." Matthews v. Evatt, 105 F.3d 907, 910-11 (4th Cir. 1997) (quotations omitted). "[T]he exhaustion requirement for claims not fairly presented to the state's highest court is technically met when . . . a state procedural rule would bar consideration if the claim was later presented to the state court," id. at 911 (citations omitted); such claims are treated as procedurally defaulted and barred from this Court's review. Clagett v. Angelone, 209 F.3d 370, 378-79 (4th Cir. 2000).

Further, if any of Brown's claims were presented to the highest state court, but were not addressed on the merits by that court because they were procedurally barred in state court pursuant

to an adequate and independent state procedural rule, the claims are exhausted, but the procedural default prevents federal habeas review of the merits. Coleman v. Thompson, 501 U.S. 722, 750 (1991). The United States Court of Appeals for the Fourth Circuit has held Virginia Code § 8.01-654(B)(2)[2] to be an adequate and independent state procedural rule. E.g., Bassett v. Thompson, 915 F.2d 932, 936-37 (4th Cir. 1990). A state court's finding of procedural default that rests upon a determination of state law is unreviewable even if the state court clearly misapplied state law. See Gilbert v. Moore, 134 F.3d 642, 657 n.14 (4th Cir. 1998).

Here, Brown failed to perfect his appeal to the Supreme Court of Virginia from his petition for a writ of habeas corpus in the Circuit Court. Brown filed a separate petition for a writ of habeas corpus in the Supreme Court of Virginia, but that court dismissed the petition pursuant to Virginia Code § 8.01-654(B)(2), which is an adequate and independent state procedural rule. Bassett, 915 F.2d at 936-37. This Court cannot review that determination. Gilbert, 134 F.3d at 657 n.14. Therefore, Brown's claims are procedurally defaulted.

### B. Cause and Prejudice

Although Brown's claims are procedurally defaulted, he may still obtain review of his claims if he can establish either: (1)

---

[2] Section 8.01-654(B)(2) states that "[n]o writ shall be granted on the basis of any allegation of facts of which petitioner had knowledge at the time of filing any previous petition."

cause for the default and demonstrate actual prejudice as a result of the alleged violation of federal law, or (2) that failure to consider the claim will result in a fundamental miscarriage of justice because he is actually innocent of the crime for which he is convicted. Clagett, 219 F.3d at 379(citing Coleman, 501 U.S. at 750); Weeks v. Angelone, 176 F.3d 249, 269 (4th Cir. 1999). Wright v. Angelone, 151 F.3d 151, 160 n.5 (4th Cir. 1998) (quoting McCleskey v. Zant, 499 U.S. 467, 493-94 (1991)). Cause refers to "some objective factor external to the defense" that impeded compliance with the State's procedural rule. Strickler v. Greene, 527 U.S. 263, 283 n.24 (1999) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)).

> Objective factors that may constitute "cause" include: (1) "interference by officials that makes compliance with the State's procedural rule impracticable"; (2) "a showing that the factual or legal basis for a claim was not reasonably available to counsel"; (3) the novelty of the claim; and (4) constitutionally ineffective assistance of counsel.

Wright, 151 F.3d at 160 n.5 (quoting McCleskey v. Zant, 499 U.S. 467, 493-94 (1991)). An absence of due diligence by the petitioner will defeat an assertion of cause. See Hoke v. Netherland, 92 F.3d 1350, 1354 n.1 (4th Cir. 1996). It is Brown's burden to establish the miscarriage of justice exception by providing new evidence that but for the asserted constitutional errors, no reasonable juror would have found the petitioner guilty. See Hazel v. United States, 303 F.Supp.2d 753, 761 (E.D. Va. 2004) (citing the standard

established in Jackson v. Virginia, 443 U.S. 307, 401-02, 429 (1979) (White, J., concurring)).

It appears that Brown seeks to establish cause for failure to comply with Virginia Code § 8.01-654(B)(2). Brown argues (1) that the Norfolk Public Defender's office did not assist Brown in properly determining his jail credits; (2) that letters in the record show that certain facts were not available to Brown at the time of his first state habeas petition; and (3) that there were problems communicating with the Circuit Court, which in turn affected his ability to perfect his appeal.

First, there is no evidence in the record that the Norfolk Public Defender's office in any way failed in its duty to assist Brown; indeed, Brown has not alleged ineffective assistance of counsel. Second, there are no facts that were not available to Brown at the time of his original habeas petition relating to his current claims. Brown's main argument appears to be that he could not allege he was being unconstitutionally held in jail until after the date he believes he was supposed to be released according to his calculation of his jail credits. The underlying facts regarding his jail credits, however, were available to him prior to his original habeas petition. Additionally, while Brown's argument aligns with the second factor mentioned in Wright, the Court notes that finding cause on this ground would effectively void the Fourth Circuit's ruling in Bassett, 915 F.2d at 936-37, that Virginia Code

§ 8.01-654(B)(2) is an adequate and independent state law ground; comity suggests that this Court may defer to the Supreme Court of Virginia's analysis on the same legal topic. Finally, Brown's third argument is speculative and lacks factual foundation.

Therefore, Brown has failed to prove cause or prejudice and, accordingly, Brown's claims remain procedurally defaulted.[3] Accordingly, the Court recommends that Brown's entire petition be DENIED and DISMISSED.

### III. RECOMMENDATION

For the foregoing reasons, having denied Brown's motion for an evidentiary hearing, and having found that Browns's claims are procedurally defaulted pursuant to independent and adequate state law, the Court recommends that Brown's petition for a writ of habeas corpus be DENIED, that Respondent's motion to dismiss be GRANTED, and that all of Brown's claims be DISMISSED WITH

---

[3] Furthermore, even assuming Brown's claims are not procedurally defaulted, Brown would nevertheless not succeed on the merits. It is well-established, as a general rule, that a prisoner cannot "bank" excess time served on one sentence and apply that excess time served as credit to an independent sentence. See, e.g., Bryant v. Warden, Metropolitan Correctional Center of New York City, 776 F.2d 394, 396 (2d Cir. 1985); Bowen v. Murphy, 693 F.2d 104, 106 (10th Cir. 1982); Miller v. Cox, 443 F.2d 1019, 1021 (4th Cir. 1971). Here, Brown served excess time on his petit larceny sentence and, because his statutory burglary sentence was originally suspended, was released from incarceration. Brown was subsequently arrested on a probation violation, and, as a result, his statutory burglary sentence was re-imposed, its suspension lifted. Because his statutory burglary sentence is independent of, and was imposed subsequent to, his petit larceny sentence, Brown cannot apply credit for excess time served on his petit larceny sentence to his statutory burglary sentence.

PREJUDICE.

Brown has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).

## IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules. A party may respond to another party's specific objections within ten (10) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based

on such findings and recommendations. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

/s/ _____
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

March 3, 2009

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Michael Ray Brown, #369717
Coffeewood Correctional Center
12352 Coffeewood Drive
Culpeper, VA 22729
PRO SE

Mark Ralph Davis
Office of the Attorney General
900 E Main St
Richmond, VA 23219
Counsel for Defendant

Fernando Galindo,
Clerk of Court

By: *[signature]*
Deputy Clerk

March 3, 2009